Linda M. Tirelli, Esq.
Tirelli Law Group, LLC
50 Main Street, Suite 1265
White Plains, N.Y. 10606
914-732-3222
ltirelli@tw-lawgroup.com

Hearing Date: October 16, 2019
Hearing Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X           Case No. 19-22520 (SHL)
IN RE:
                                                                                                                                                              Chapter 13

        Malka Farkas,

                Debtor/Movant.
---------------------------------------------------------X
Malka Farkas,
                Debtor/Movant.
vs.

U.S. Bank Trust, N.A., as Trustee for
LSF9 Master Participation Trust,

                Creditor/Respondent.
---------------------------------------------------------X

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. SECTION 506(A)**
**AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF**
**SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM**

## Introduction

This is a Motion brought by Debtor/Movant, Malka Farkas ("Debtor" or "Movant"), pursuant to 11 U.S.C. Section 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of Creditor/Respondent, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Creditor" or "Respondent"), in the Movant's investment real estate and determine the amount of the allowed secured claim of the Respondent.

## Jurisdiction

1. Movant alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. Movant further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

## The Base Case and Parties

3. At all times prior hereto, Debtor was and is the owner of real property ("the Property") located at 96 College Road in Monsey, New York. Said property is used as investment property and is not Debtor's primary residence.

4. On February 25, 2019, Movant commenced the underlying Chapter 13 bankruptcy case by the filing of a Chapter 13 voluntary petition ("the Petition") with the Clerk of this Court.

5. On March 26, 2019, Movants filed their Model Chapter 13 Plan ("the Plan") and served same on all pertinent parties. Section 3.2 of the Plan lists Respondent as a secured creditor; the amount of the secured claim is stated as $723,046.36 and the value of the collateral is stated as being worth $470,000.

6. Based on a paid appraisal obtained by Movant at or around the time of filing, the appraised value of the Property is $470,000.

7. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code. Movant has been informed and believes and, therefore alleges, that Respondent received actual notice of the filing of this case and also received a copy of their proposed Chapter 13 Plan.

8. The 341(a) meeting of creditors took place on March 29, 2019, in White Plains, New York.

9. On or about May 2, 2019, Respondent filed a secured proof of claim ("Proof of Claim No. 8") in the amount of $725,396.87.

10. Respondent is, upon information and belief, a foreign entity engaged in the business of mortgage servicing in the State of New York, and maintains a principal place of business in some state other than the State of New York.

## Factual Allegations

11. In the schedules filed with the Petition and on the master mailing matrix filed with the Clerk of this Court, a disputed debt was listed by way of mortgage against Movant's real property. Based upon information and belief, Respondent's interest in the debt is secured by a mortgage lien against the Property.

12. Movant alleges that such property is not subject to the anti-modification provisions of Section 1322(b)(2) of the Bankruptcy Code because it is not her primary residence.

13. Movant alleges that at the time she filed her bankruptcy petition, as well as at the present time, the value of their interest in the Property was and is approximately $470,000.00, which is the actual appraised value of the real property (Appraisal Report by Value Estate Consulting attached as "**Exhibit A**"). Respondent likewise agrees with this valuation (see Declaration of Melba Arrendondo dated May 19, 2019 attached as "**Exhibit B**").

14. Movant's interest in the Property is subject to a lien arising out of a first mortgage allegedly securing a note that is owned and/or serviced by Respondent in the amount claimed, as per Proof of Claim No. 8, to be $723,046.36.

15. Movant alleges that pursuant to 11 U.S.C. Sections 506(a) and 1322(b)(2), the value of Respondent's lien should be valued at the appraised value of $470,000.

16. Such treatment is consistent with 11 U.S.C. Section 1322(b)(2) because the Property is not Movant's primary residence.

**WHEREFORE,** Movants respectfully pray of the Court as follows:

A. That this Court determine that the secured claim on the Property should be valued at $470,000, and the difference treated as unsecured debt;

B. That the $470,000 secured claim be paid over five years in the Chapter 13 Plan;

C. That Movants have such other and further relief as to the Court may seem just and proper.

Dated this the 23rd day of July, 2019.

/s/ Linda M. Tirelli, Esq.
TIRELLI LAW GROUP, LLC
50 Main Street, Suite 1265
White Plains, New York 10606
Tel: (914) 732-3222
Fax: (914) 517-2696
LTirelli@TW-Lawgroup.com